## Powell, Appellant, v. Sutliff.

Argued November 21, 1962. Before BELL, C. J., MUSMANNO, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused April 30, 1963.

*P. F. Laughlin,* with him *James E. McLaughlin,* and *McArdle, Harrington & McLaughlin,* for appellant.

*John C. Dowling,* with him *Huette F. Dowling,* and *Dowling and Dowling,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 19, 1963:

This action of trespass was instituted by the issuance of a summons in which the defendants were designated as "Ellis Sutliff and Leo E. Sutliff, individually and as partners, t/d/b/a Sutliff Chevrolet Company."[1] Service of the summons was made on Leo E. Sutliff, the individual in charge of the Chevrolet Company. A complaint was subsequently filed in which the defendants were designated in the same manner as described in the summons above. After the statute of limitations had run, plaintiff-appellant discovered that Sutliff Chevrolet was a corporation and not a partnership. He thereupon moved to amend his complaint to change the designation of the defendant-company from a partnership to a corporation.[2] The court below refused to permit the amendment on the grounds that it would introduce a new party into the action after the statute

---

[1] Suit may be prosecuted against either the partnership entity, the individual partners or, as here, against both of these entities. Pa. R. C. P. 2128(a). For the effect of the judgment obtained in each of these cases, see Pa. R. C. P. 2132.

[2] Since the individual defendants can no longer be held liable for a tort committed by an employee of the corporation, the proposed amendment contemplates dropping them as party defendants. To simplify matters, therefore, we will view the case before us as if the original complaint named the partnership entity as the sole defendant.

of limitations had run against such party. This appeal followed.

This case is governed by *Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A. 2d 73 (1947), a unanimous opinion of this Court written by Justice (later Chief Justice) HORACE STERN. In that case, the original complaint designated the defendant as the "'Pleasant Hills Realty Company, a corporation.'" After the statute of limitations had run, plaintiff attempted to change the description of the business entity from a corporation to a partnership. The test laid down by Justice STERN was whether "the right party was sued but under a wrong designation"—in which event the amendment was permissible—or whether "a wrong party was sued and the amendment was designed to substitute another and distinct party"—in which event the amendment was not permissible. (357 Pa. at 29).

In permitting the amendment from a corporation to a partnership in that case, we observed that the original complaint had sought to impose liability against the assets of a business entity known as Pleasant Hills Realty Company. The amendment was not an attempt to impose additional liability on the individual owners of the company, but rather merely sought to correct the description of the business entity already made a party to the proceedings. The assets subject to liability were the same both before and after the amendment.[3]

Although our case presents the converse of the *Gozdonovic* situation, the reasoning of that case compels an identical result. Here, the original complaint sought to impose liability against the assets of the business entity known as Sutliff Chevrolet Company.[4] As in *Gozdonovic,* the proposed amendment merely seeks to

---

[3] The same result was reached in the earlier case of *McGinnis v. Valvoline Oil Works, Ltd.,* 251 Pa. 407, 96 Atl. 1038 (1916).

[4] See supra note 1.

correct the designation of that business entity, in this case from a partnership to a corporation. Since the assets subject to liability will not be enlarged, the court below erred in not permitting the amendment.[5]

The court below incorrectly relied on *Scranton Private Hospital v. Caum*, 61 Pa. Superior Ct. 93 (1915), where the proposed amendment sought to substitute a corporation for certain named individuals. That amendment was properly refused since liability would have been imposed on a new and distinct party.[6]

Accordingly, the order entered below is reversed and the motion to amend the complaint is hereby granted.

Order reversed.

Mr. Chief Justice BELL dissents.

---

[5] There is no problem with service of process in this case since service of the summons upon Leo E. Sutliff properly brought Sutliff Chevrolet Company into the action whether it was a corporation or a partnership.

[6] Amendments have also been properly refused where plaintiff sought to substitute individuals for a corporation (*Girardi v. Laquin Lumber Company*, 232 Pa. 1, 81 Atl. 63 (1911)) or to change the capacity of the defendant from representative to individual (*Miller v. Jacobs*, 361 Pa. 492, 65 A. 2d 362 (1949)). In *Waugh v. Steelton Taxicab Company*, 371 Pa. 436, 89 A. 2d 527 (1952), we permitted an amendment although the effect of it was to substitute an individual for a business entity. In that case, however, we were concerned that the plaintiff's error in pleading might have resulted from deception on the part of the defendant.