## Moletta v. Richards

*Edward F. Urbanik,* for plaintiffs.

*George M. Weis* and *David Trushel,* for defendants.

FINKELHOR, *J.,* September 15, 1978—The above matter comes before the court on the preliminary objections of one Ruth Steinmetz, raising questions of in personam jurisdiction due to alleged irregularities in service of process.

Plaintiffs filed their writ of summons in trespass and assumpsit on February 22, 1977, against H. L. Roy Richards, M.D., a/k/a H. LeRoy Richards, M.D., and Allegheny General Hospital, a corporation, and "Jane Doe." The sheriff's return shows that the writ was handed to "Stoney"[1] (i.e., Steinmetz) personally at her place of employment in the Richards' office on February 28, 1977. It is Steinmetz's position that service of a Jane Doe writ is insufficient to gain jurisdiction.

While "Jane" or "John Doe" writs have been recognized in a few jurisdictions, 62 Am. Jur. 2d Process §16 (1972), we have been unable to find, nor has counsel cited, any Pennsylvania authority on this issue. Cases cited by both counsel have arisen from petitions to amend a complaint to correct a caption and not on the issue of service.

Plaintiffs did not engage in any discovery between the time of service of the writ on February 28, 1977, and filing of the complaint on April 1, 1977, to learn the identity of "Jane Doe." Plaintiffs' complaint, alleging injuries which occurred between February 25, 1975, and June 3, 1975, again listed

---

1. Petitioner admits that her "nickname" is Stoney.

Jane Doe as a party defendant in Counts I and III in trespass.

Paragraph 3 of Count I describes Jane Doe as follows:

"3. Defendant, JANE DOE, is an individual and at all times hereinafter mentioned was a duly licensed registered and/or practical nurse, in the employ of defendant, H. L. ROY RICHARDS, M.D., a/k/a H. LeROY RICHARDS, M.D., serving as his employee servant, or agent. Said Defendant rendered follow-up care and treatment to Plaintiff, ELIZABETH L. MOLETTA at defendant, H. LeROY RICHARDS, M.D.'s said office subsequent to said Plaintiff's February 26, 1975 surgery."

Nowhere do plaintiffs give a reason for their failure to discover Jane Doe's real name.

On August 1, 1978, over one year after service, an appearance was entered on behalf of "Ruth Steinmetz, incorrectly noted as Jane Doe." Preliminary objections were filed August 18, 1978, on behalf of "Jane Doe" by Ruth Steinmetz.

## POSITION OF THE PARTIES

It is the position of Ruth Steinmetz that, since Jane Doe is a nonexistent entity, service on Ruth Steinmetz is a nullity where the complaint was filed against Jane Doe. Plaintiffs have not petitioned to amend the caption of the complaint, but allege that, since service was made and accepted, it was valid despite the different designation of the party in the caption.

## DISCUSSION

Pa.R.C.P. 1018 requires that the caption of a complaint set forth the proper names of all the par-

ties to the action. While Pa.R.C.P. 1033 permits a party plaintiff to amend the caption to correct an existing error in the designation of a defendant, a new party may not be substituted after the running of the statute of limitations. In Powell v. Sutliff, 410 Pa. 436, 438, 189 A. 2d 864, 865 (1963), the court distinguished between error and another party as follows: "The test . . . was whether 'the right party was sued but under a wrong designation'—in which event the amendment was permissible—or whether 'a wrong party was sued and the amendment was designed to substitute another and distinct party'—in which event the amendment was not permissible (357 Pa. at 29)." Citing from Gozdonovic v. Pleasant Hills Realty Co., 357 Pa. 23, 53 A. 2d 73 (1947). See also Gordon v. Howard Johnson Motor Courts, Inc., 42 D. & C. 2d 563 (1967).

In Myers v. Sezov, 39 D. & C. 2d 650 (1966), the court permitted plaintiff to correct the name of "Boy Scouts of America," a legal nonentity, to "Bucks County Council, Boy Scouts of America." Applying the test approved in Powell v. Sutliff, supra, the court reasoned that the right person was served and that the amendment merely "changed the incorrect designation of a correct defendant." 39 D. & C. 2d at 653. See also Wright v. Eureka Tempered Copper Co., 206 Pa. 274, 55 Atl. 978 (1903); Bloom v. B'Nai Emanual, 56 D. & C. 2d 639 (1971); Cohen v. General Motors Corp., 53 D. & C. 2d 743 (1971).

However, the instant proceeding concerns not a request to amend the caption, where such considerations as service, notice, delay and prejudice might properly be alleged, but preliminary objections by the individual served, but not named, in the caption.

It is clear that an action must be brought by or against an existing entity and that only parties to the action have standing to raise objections pursuant to Pa.R.C.P. 1017: Casner v. Fisher, 22 D. & C. 2d 1 (1960); 28 P.L.E. 342, §2.

Pa.R.C.P. 1017(b), in pertinent part, provides as follows: "Preliminary objections are available to *any party* and are limited to (1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons. . . ." (Emphasis supplied.)

Thus, while preliminary objections are the proper method of challenging jurisdiction due to improper service of process: Yentzer v. Taylor Wine Co., 409 Pa. 338, 186 A. 2d 396 (1962); C. E. Williams Co. v. H. B. Pancoast Co., 412 Pa. 166, 194 A. 2d 189 (1963); preliminary objections are only available to a "party" to the action: Eberly v. Salisbury, 58 D. & C. 2d 122 (1972). Mere service of process, without naming the party served in the record, is not sufficient to make the entity served a "party to the action."

In Urbahn v. Oheb Zedeck Synagogue Center, 55 Schuyl. 162 (1960), a case resembling the instant proceedings, the court dismissed the preliminary objections raising questions of jurisdiction over Oheb Zedeck Congregation, to a complaint filed against the Oheb Zedeck Synagogue Center, a nonexistent entity:

"Preliminary objections . . . were filed on behalf of the Oheb Zedeck Synagogue Center by the Oheb Zedeck Congregation, which is not a party to the action in the present state of the record.

". . .

"If there is no such corporation as the named defendant, the preliminary objections are obviously self-defeating. It is self-evident that ob-

jections cannot be filed by or in behalf of a nonexistent defendant.

"Moreover, preliminary objections may be filed only by a party to the action . . . and not by a stranger to the record. *On the present state of the record the Congregation is a stranger to this action and has no standing to raise objections.*" 55 Schuyl. at 162-63. (Emphasis supplied.)

Thus, until plaintiffs petition to amend the caption of the complaint to substitute Ruth Steinmetz as a party defendant of record, she is not a party to the proceedings and lacks standing to raise preliminary objections under Pa.R.C.P. 1017(b)(1). The corollary is that a nonparty obviously is not required to file an answer to the complaint.

Based upon the above discussions,[2] the preliminary objections of Ruth Steinmetz are premature and are dismissed without prejudice.

## ORDER

And now, September 15, 1978, upon preliminary objections of one Ruth Steinmetz to service of a Jane Doe writ, and it appearing to the court that said Ruth Steinmetz is not presently a party to this action, it is hereby ordered, adjudged and decreed that said preliminary objections are dismissed without prejudice.

It is further ordered that plaintiffs are granted 20 days from this order to petition for leave of court to amend the caption of the complaint and, in the absence of such petition, the name of "Jane Doe" shall be stricken from the caption.

---

2. We make no decision as to whether Jane Doe writs are permissible in Pennsylvania.