## Turner v. Furman

*Gary E. French,* for plaintiff.
*James F. Carl,* for defendant.

CALDWELL, *J.*, March 17, 1980—Plaintiff, Rose Turner, desires to amend her complaint in this personal injury action by naming Mobar Company, Inc., a corporation, as a defendant.

Plaintiff alleges that Morris T. Furman was inadvertently designated as the owner of the building where an accident occurred resulting in plaintiff's injuries. The building is actually owned by Mobar Company, Inc. and Morris T. Furman is the president and owner of 100 percent of the stock of Mobar. Plaintiff was injured on November 23, 1976, and the applicable statute of limitations on her cause of action has expired.

Generally, to permit a plaintiff to amend the name of a defendant where the period of limitation bars further proceedings, it must be determined "whether the right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party." Gozdonovic v. Pleasant Hills Realty Co., 357 Pa. 23, 29, 53 A. 2d 73, 76 (1947). Thus, amendments have been allowed when a plaintiff has sued a partnership erroneously designating it as a corporation, Gozdonovic v. Pleasant Hills Realty Co., supra, and when a plaintiff has sued a corporation erroneously designating it as a partnership: Powell v. Sutliff, 410 Pa. 436, 189 A. 2d 864 (1963). In these cases there was an identity of assets between the correct defendant and the defendant erroneously named.

In the instant case Morris T. Furman and the Mobar Company are distinct legal entities.

Morris T. Furman is the president of Mobar and owns 100 percent of its stock. He also owns and operates a real estate business but neither the real estate business nor Mr. Furman own any office buildings. Mobar, however, owns three of them and

it seems clear to us that there is not the same identity of assets here as there is in the above cases.

In Powell v. Sutliff, supra, in discussing the Gozdonovic case, supra, the Supreme Court stated:

"In permitting the amendment from a corporation to a partnership in that case, we observed that the original complaint had sought to impose liability against the assets of a business entity known as Pleasant Hills Realty Company. The amendment was not an attempt to impose additional liability on the individual owners of the company, but rather merely sought to correct the description of the business entity already made a party to the proceedings. The assets subject to liability were the same both before and after the amendment." 410 Pa. at 438, 189 A. 2d at 865.

If the within complaint were amended, the assets subject to liability would not be the same both before and after the amendment. The proposed amendment would not merely be a change in the description of a defendant already brought into the suit, and a corporate entity would be substituted for a named individual. We think such a result is not permitted. See Powell v. Sutliff, supra, fn. 6. But see Harold v. Atlantic Richfield Co., 51 D. & C. 2d 102 (1970).

Additionally, no deception is present in this case which might justify an amendment of the caption. See Waugh v. Steelton Taxicab Co., 371 Pa. 436, 89 A. 2d 527 (1952). While Furman controlled rentals in the building, it was as Morris T. Furman, Realtor. The maintenance clipboards located on each floor, listing Mr. Furman's business and home telephone numbers in case of emergency, are not probative of any deception performed on plaintiff, and

Furman's frequent visits to the building could not, of themselves, lead one to reasonably believe that he owned the building personally. Rose Turner's mistaken belief, based on hearsay, that Furman owned the building is the cause of her dilemma, and apparently there was no effort made to ascertain the true identity of the building owner prior to suit. The ease with which this information is available in various public offices needs no amplification here.

## ORDER

And now, March 17, 1980, plaintiff's petition to amend the caption is denied.