## Coatman v. Alpha Racquetball, Inc.

*James D. Flower, Jr.,* for plaintiffs.

*Edward E. Knauss, IV,* for defendant Alpha Racquetball, Inc.

*James K. Thomas, II,* for defendant Bortner Bros., Inc.

*Robert J. Stewart,* for defendant Wholsen Construction Co.

BAYLEY, *J.,* February 10, 1984—Lester Coatman was injured on December 5, 1978, during the course of his employment as a roofer with Mueller-

Potteiger, Inc. His and his wife's complaint in trespass, filed on October 3, 1980, sets forth a cause of action against several alleged tortfeasors for injuries occurring in this accident. The complaint alleges that the accident occurred at 4720 Old Gettysburg Road, Lower Allen Township, Cumberland County, Pa. It is averred that Alpha Racquetball, Inc., hereinafter referred to as Alpha, was a Pennsylvania corporation with its place of business located at that address and that the accident occurred while plaintiff was working on a building being constructed by Alpha at the aforesaid address "which premises defendant Alpha Racquetball, Inc., is believed to own."[1]

The complaint was served on Alpha on October 7, 1980. More than four and a half months later, on February 26, 1981, Alpha filed an answer to the complaint denying ownership of the premises where the accident occurred. Thereafter, extensive discovery proceedings were commenced. Additionally, this court has disposed of several pretrial motions filed by the various parties.

Alpha maintained in its answer to plaintiffs' complaint that the actual owner of the subject premises at the time of the accident was a partnership known as Lower Allen Leisure Enterprises, hereinafter referred to as Leisure. Alpha's later answer to supplemental interrogatories directed to it by plaintiff, admits that the composition of both the partnership and the corporation are virtually identical.[2] There are no partners of Leisure who are not owners of Alpha.

---

1. Paragraph 7 of plaintiffs' complaint.

2. Wallace C. Pringle owns 24 percent of each entity, James A. Diebond owns 15 percent of each entity, Richard W. Pringle owns 5 percent of each entity, and Scott D. Pringle owns 5 percent of each entity. The only difference is that Peter

Plaintiffs maintain that they have a right to strike Alpha's answer or, in the alternative, change the name of Alpha to Leisure because:

(a) They have sued the right party under the wrong designation;

(b) Even if they have sued the wrong party, they should be allowed to bring the correct party into the suit because of Alpha's failure to file its answer denying ownership of the property within 20 days of the filing of the complaint, thereby prejudicing them because, if it had been properly filed, they would have been put on notice of the denial of ownership prior to the running of the statute of limitations.

Alpha opposes plaintiffs' motion on the ground that the statute of limitations precludes the proposed joinder. In addition, it maintains that the motion should be denied because of the long delay by plaintiffs in failing to file it following the answer to the complaint which denied ownership and which was filed after the statute of limitations had expired. Indeed, even after the answer was filed plaintiffs have resisted Alpha's efforts to extract itself from this lawsuit. In an opinion filed June 18, 1981, this court denied Alpha's motion for summary judgment on the basis that an issue of fact existed as to whether Alpha owned the property in question. Coatman v. Alpha Racquetball, Inc., 31 Cumb. L.J. 289 (1981).

An amendment to a complaint to change the name of a defendant will be allowed where the right

---

Pranckun owns 51 percent of the partnership Lower Allen Leisure Enterprises while he owns 50 percent of the corporation of Alpha Racquetball, Inc. Peter Pranckun's daughter, Joanne Pringle, owns the other 1 percent of Alpha Racquetball, Inc.

party has been sued and served with the complaint but has been misnamed. Powell v. Sutliff, 410 Pa. 436, 189 A.2d 864 (1963); Cianchetti v. Kaylen, 241 Pa. Super. 437, 361 A.2d 842 (1976). However, the general rule is that a plaintiff may not be permitted to amend a complaint in order to include a new party once the statute of limitations has run. [Saracina v. Catoia], 417 Pa. 80, 208 A.2d 764 (1965); Runkle v. Loc Trung Kha Vo et al., 33 Cumb. L.J. 288 (1983).

Under the Pennsylvania Rules of Civil Procedure, an answer filed more than 20 days after the filing of the complaint is not timely. Pa.R.C.P. 1026. The filing of a late answer is not a fatal defect unless plaintiff can show some prejudice resulting from the late filing. Paulish v. Bakaitis, 442 Pa. 434, 275 A.2d 318 (1971). It has been held, however, that a late answer denying ownership or control of the property is prejudicial to plaintiff where the statute of limitations has run in the meantime. Fitzpatrick v. Stover, 74 D.&C.2d 245 (1976). Here we confront precisely the problem faced by the court in Fitzpatrick — a late answer that prejudices plaintiff because the statute of limitations has run. Had the answer been timely filed, plaintiffs could have amended their complaint to include the correct party within the time prescribed by the statute of limitations. Thus, the late filing clearly prejudiced plaintiffs. For this reason, the amendment falls within the exception to the general rule and should be allowed absent any counterveiling factors.[3] See also DeRugeriis v.

---

3. In Fitzpatrick, the court noted that, although the usual remedy lies in striking the late answer, in cases where the prejudice results from the running of the statute of limitations, the better result is for the court to allow amendment of the complaint to bring the correct party into the suit.

Brener, 237 Pa. Super. 177, 348 A.2d 149 (1976); and Lantzy v. Apico Inns of Pennsylvania, 25 Law. L.R. 442 (1977).

Defendants, in their argument on delay, cite Karnes v. Street, no. 179 Civil 1982 (filed November 3, 1983, Cumberland Co.). In Karnes, defendant sought to amend its answer to include certain affirmative defenses. Although defendant indicated its desire to amend on several occasions in an informal manner, it delayed in filing a formal petition for leave to amend. This delay forced the case to be continued and removed from the trial list on two occasions. Under these circumstances the request to amend the answer was denied. While the stated reason denying the amendment was the lack of diligence, the facts of that case make clear that, in reality, the combination of delay by defendant and the prejudice to plaintiff of having the trial repeatedly delayed led to the decision. Since Pa.R.C.P. 1033 is broadly stated to permit an amendment "at any time," mere delay in seeking leave to amend should not bar amendment unless the opposing party can demonstrate some prejudice.[4]

In the instant case, we can perceive no prejudice to defendants by allowing an amendment of the complaint at this time. It is difficult to imagine any prejudice here, where it is clear that the partnership, all of whose members were corporate share-

---

4. The rule provides: "A party, either by filed consent of the adverse party or by a leave of court, may *at any time* change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted." (Emphasis added.)

holders of Alpha, had actual notice of the suit from the very start. Defendants' speculative claims of prejudice are unconvincing. Counsel for Alpha points out that its strategy has been predicated on the contention that it is not the owner of the premises in question. Allowing the amendment is in conformity with this strategy. Since we are unsatisfied that defendants have shown any prejudice, plaintiffs should be allowed to amend their complaint at this time.

Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23, 52 A.2d 73 (1947), provides an additional ground of decision. In that case the complaint designated defendant as "Pleasant Hills Realty Company, a corporation." Id. at 29. Subsequently, it appeared that defendant was in fact a partnership rather than a corporation. The trial court granted plaintiff leave to amend in order to redesignate defendant as a partnership, even though the statute of limitations had run. This ruling of the trial court was challenged on appeal. The Pennsylvania Supreme Court stated the issue as follows: "[t]he question for determination is whether the right party was sued but under a wrong designation or whether a wrong party was sued and the amendment was designed to substitute another and distinct party." Id. at 29. In Gozdonovic, the amendment was allowed because "the action was still directed against the entity which was [the tortfeasor's] employer," which meant that "[t]he amendment did not substitute any new parties upon whom liability could be imposed." Id. Gozdonovic makes clear that an amendment seeking to impose liability on the partners as individuals would not be permissible but that the proposed amendment in that case sought only to impose liability on the partnership entity and not the partners individually.

We believe that the facts of the instant case fit within the rule laid down in Gozdonovic. Here, as in Gozdonovic, the proposed amendment would change the designation of the party sued from a corporation to a partnership. After amendment, the suit will be, as it has always been, directed against the owner of the property where the accident occurred. Plaintiffs are seeking a judgment of liability against the partnership entity, not the individual partners. See Pa.R.C.P. 2128(a) and 2132(a). The ownership of the two entities, partnership and corporation, is virtually identical. See note 2, supra. Further, this identity of ownership is such that everyone with an ownership interest in the partnership also has an ownership interest in the corporation. Thus, the original service on the corporation translates into notice to all of the owners of the partnership. In these circumstances Gozdonovic controls since the right party has been sued under a wrong designation. The proposed amendment may and should be allowed despite the running of the statute of limitations. Powell v. Sutliff, 410 Pa. 436, 189 A.2d 864 (1963).

## ORDER OF COURT

And now, this February 10, 1984, in conformity with the opinion set forth herein, plaintiffs' are granted leave to amend their complaint within 20 days.