## Zimmer v. Benchmark Management Corporation

*Andrew J. Conner*, for plaintiffs.
*John O. Dodick*, for defendants.

LEVIN, *J.*, June 15, 1993—This action is before the court on plaintiffs' motion to amend caption. Plaintiffs have requested that the court allow them to amend the complaint to substitute Legion Road Supermarket Company as the named party for Brown Brothers

Loblaws and to delete defendant, Benchmark Management Corporation from the caption after the applicable statute of limitations has expired.

On April 1, 1989, plaintiff, Shirley Zimmer, suffered serious injury when she fell in the parking lot of the supermarket known as "Brown Brothers Loblaws." Plaintiffs commenced this action against Benchmark and Brown Brothers Loblaws by filing a writ of summons on March 12, 1991. The writ of summons was subsequently accepted by the general manager of the store. At the time of service, the store was actually operated as a limited partnership known as Legion Road Supermarket Company. LRSC was the actual party in possession, custody and control of these premises at the time plaintiff was injured. LRSC named the store "Brown Brothers Loblaws" as this was a well known name in the area served by the supermarket.

At all relevant times, LRSC was insured by Royal Globe Insurance Company. Royal Globe, through its adjuster, Dean Lapson, and others, investigated the alleged accident and attempted to settle plaintiffs' claims prior to this action being filed. During settlement negotiations prior to the running of the statute of limitations, Lapson advised plaintiffs by letter that it was his opinion that Benchmark was the party who owned or possessed the subject premises and was responsible for the maintenance in the area in question, rather than their insured, LRSC. The letter also made reference to a lease between LRSC and Benchmark. Legion Road Supermarket Company is listed with the Pennsylvania Corporation Bureau under a fictitious name filing.

Counsel on behalf of Brown Brothers Loblaws entered an appearance despite the fact that Brown Brothers Loblaws had never been served and was a non-entity. Plaintiffs contend that this appearance actually con-

stituted a general appearance on behalf of LRSC and therefore LRSC voluntarily became a party to the action. It is defendants' position that the reference to a lease between LRSC and Benchmark in the aforementioned letter along with the fictitious name filing should have been sufficient notice to plaintiffs to include LRSC as a party defendant prior to the running of the statute of limitations. However, it was not until after discovery commenced that plaintiffs actually became aware that the correct named defendant should be LRSC.

The amendment of pleadings is covered by Rule 1033 of the Rules of Civil Procedure, which provides as follows:

"A party, either by filed consent of the adverse party, or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a cause of action or defense. An amendment may be made to conform the pleadings to the evidence offered or admitted." 42 Pa.R.C.P. §1033.

The court in *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963) stated that:

"It is the general rule that the amendment of pleadings is a matter within the wise and judicial discretion of the court below. In the absence of plain error, its action will not be reversed: *Trabue v. Walsh,* 318 Pa. 391, 177 A. 815 (1935). However, the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to the adverse party: *Arzinger v. Baughman,* 348 Pa. 84, 34 A.2d 64 (1943); *Esso Standard Oil Co. v. Taylor,* 399 Pa. 324, 159 A.2d 692 (1960). The Pennsylvania Rules of Civil Procedure have embodied the modern

philosophy of jurisprudence and court procedure and allow amendments with great liberality to the end that justice by all parties may be achieved." *Id.* at 406-07, 189 A.2d at 270.

See also, *Flores v. Kirsopp,* 57 Erie County L.J. 3 Carney, J. (October 29, 1973). However, the Pennsylvania Supreme Court has limited the rights of courts to sanction amendments where the statute of limitations has expired. The test enunciated in *Powell v. Sutliff,* 410 Pa. 436, 189 A.2d 864 (1963) (quoting *Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73 (1947)) is:

"[W]hether 'the right party was sued but under a wrong designation'—in which event the amendment was permissible—or whether 'a wrong party was sued and the amendment was designed to substitute another and distinct party'—in which event the amendment was not permissible." *Powell, supra* at 438, 189 A.2d at 865.

This test was recently reiterated in *Thomas v. Duquesne Light Co.,* 376 Pa. Super., 1, 6, 545 A.2d 289, 291 (1988), where the Superior Court stated:

"Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused."

See also, *Girardi v. Laquin Lumber Co.,* 232 Pa. 1, 81 A. 63 (1911) and *Hoare v. Bell Telephone Co. of Pa.,* 509 Pa. 57, 500 A.2d 1112 (1985).

After reviewing the aforementioned cases, the dispositive issue becomes whether allowing plaintiffs to

amend the caption would bring a new party to the action or would simply correct the name under which the correct party was sued.

In *Thomas v. Duquesne, supra,* the plaintiff named as defendant "Mae Lunardi" as the proprietor of the distributing business. Lunardi's answer contained a denial that she was the owner of the distributorship and alleged that she was president of Dario's Beer Distributors, a corporation, which owned the business. Despite this answer, plaintiffs did nothing to amend their complaint until after the statute of limitations had passed and after they had presented their entire case at trial. Plaintiffs requested that they be allowed to amend their complaint to name "Dario's Beer Distributors, a Pennsylvania Corporation." In allowing the amendment, the *Thomas* court held that the plaintiffs sued the proper party but erroneously designated the defendant in the complaint. *Id.* at 7, 545 A.2d at 292. The court relied on, among other things, the fact that plaintiffs' complaint was served upon Dario's Beer Distributors and that the pleadings and record documents filed in the case appeared to be on behalf of the corporation and were signed by counsel for the corporation. *Id.* The *Thomas* court reasoned:

"It would be strange indeed if the law would permit a person actually responsible for a civil or criminal act to escape accountability because the summons or warrant served on him named him Richard Roe instead of John Doe." *Id.* at 8, 545 A.2d at 292 (citing *Waugh v. Steelton Taxicab Co.,* 371 Pa. 436, 89 A.2d 527 (1992) (where the court permitted an amendment changing defendant from "Steelton Taxicab Company, a corporation" to "Anthony Kosir, t/a Steelton Taxicab Company" after the statute of limitations had run). See also, *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971) and *Powell v. Sutliff, supra.*

In another case with facts similar to the case at bar, *Wheeler v. Rom's Wholesale Grocer, Inc.,* 57 D.&C. 205 (Washington County 1946), the court allowed an amendment to the caption after the statute of limitations had run. There, plaintiff was injured in a supermarket which had been held out to the public through signs, invoices and the local telephone directory as "Rom's Wholesale Grocers" and "Rom's Cash & Carry." Plaintiff sued "Rom's Wholesale Grocer, Inc. and Louis Kolacynski [the store manager], trading as Rom's Cash and Carry." After the statute of limitations had expired, the plaintiff discovered that the correct name of defendant was "M. Rom & Sons Co., Inc." Plaintiffs moved to amend their pleading and the court granted the motion stating:

"Statutes dealing with amendments are liberally construed to prevent a defeat of justice being caused by a mistake of the parties. Amendments must be allowed to correct the name when the right party is sued and served. No attempt is being made by plaintiffs to bring in a new party defendant. Plaintiffs, within the statutory period, had notified the defendant, through its manager, Louis Kolacynski, of plaintiffs' claim and the manager had notified his superior.

The public knew defendant by the names which it held out to the public, namely 'Rom's Wholesale Grocers' and 'Rom's Cash & Carry.' It used its trade names on its invoices, its windows, its place of business, its listing in the telephone directory, etc. Defendant did not disclose its full corporate name to its customers.

Plaintiffs sued under defendant's trade name. The papers were served at the store where plaintiff was injured and upon the person who had been the manager at the time of plaintiff's injury. The manager notified his superiors of the injury. Defendant therefore was

a party to all of the transactions and is liable if plaintiff can sustain his claim of injury based upon defendant's negligence. Plaintiffs have dealt with and served the writ upon the right party. There can be no dispute but that plaintiffs intended to sue the party who, they claim, is responsible for their damages. The effect of the amendment is simply to correct the name of the right party sued and the amendment is permissible: *Wright v. Eureka Tempered Copper Co.*, 206 Pa. 274, [55 A. 978 (1903)]." *Wheeler, supra* at 208-209.

In the case at bar, like *Wheeler,* the public knew defendant by "Brown Brothers Loblaws", the name which it held out to the public. The papers were served at the store where plaintiff was injured and upon the manager and agent of LRSC at the time of plaintiff's injury. LRSC's insurance company, Royal Globe, represented to plaintiffs that Benchmark Management Corporation was the party who owned or possessed the subject premises. Additionally, LRSC, through their counsel, entered a general appearance when that counsel entered an appearance for Brown Brothers Loblaws, as Brown Brothers Loblaws was never served and was a non-entity at the time service was made.

In Pennsylvania, when the correct party is timely served with the original summons and appears generally, that party is made a party to the action. *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965) and *McNally v. Etnoyer,* 1 D.&C.4th 373 (1988) (an individual member of an association who appears on the record through counsel, although the individual is not named in the caption, is a "party" to the action). See also, *Taylor v. Humble Oil & Refining Co.,* 221 Pa. Super. 394, 292 A.2d 481 (1972); *Yentzer v. Taylor Wine Co., Inc.,* 409 Pa. 338, 343, 186 A.2d 396, 399 (1962) (a general appearance waives any objection to jurisdiction over

8

the person). A non-party to an action can therefore become a party if, through counsel, it voluntarily appears and seeks a determination of plaintiff's claim against it on the merits. *Peterson v. Philadelphia Suburban Transportation Co.,* 435 Pa. 232, 242, 255 A.2d 577, 583 (1969).

Although the court does not generally condone the delay a plaintiff may exhibit in failing to move promptly to amend their complaint, this alone is not dispositive of the issue. See *Thomas, supra* at 8, 545 A.2d at 292 and *Paulish v. Bakaitis, supra* at 439 n.4, 275 A.2d at 320 n.4. This is particularly true in this case inasmuch as plaintiffs did not find the error until discovery was commenced. Admittedly, if the court were to consider the material factors of this case *individually,* such as the general appearance filed by LRSC, the letter Royal Globe mailed to the plaintiffs, the service on the general manager of the store in question and the negotiations that took place, these factors by themselves may not have been sufficient to justify an amendment to the complaint. However, given the totality of these circumstances and because the plaintiff sued the proper party, but incorrectly designated that party as Brown Brothers Loblaws, the court will allow an amendment to correct the designation of the defendant.

### ORDER

And now, to-wit, June 15, 1993, it is hereby ordered, adjudged and decreed that plaintiffs are granted leave of court in order to amend the caption within 10 days of the filing of this order.