**Estate of Gouse v. Miller & Norford Inc.**

C.P. of Cumberland County, no. 99-117.

*Ronald A. Turo,* for plaintiff.
*J. Michael Flanagan,* for defendant Miller & Norford Inc.
*Stephen E. Geduldig,* for defendant Hershey Creamery Company Inc.

BEFORE: HOFFER, *P.J.,* OLER AND GUIDO, *JJ.*

OLER, *J.,* June 17, 1999—This civil case presents an interesting parties/statute of limitations issue. Specifically, the question raised on preliminary objections to an amended complaint is whether a civil action is sustainable where (a) it was commenced within the statute of limitations in the name of an existing decedent's estate (but without reference to the personal representative) and (b) an amended complaint was filed outside the statute of limitations (in response to preliminary objections) in the name of the administratrix of the estate.

For the reasons stated in this opinion, the question will be resolved in favor of the viability of the action.

## PROCEDURAL HISTORY;
## STATEMENT OF FACTS

Robert A. Gouse, according to plaintiff, was killed in a construction accident on January 13, 1997.[1] The accident allegedly resulted from the negligence of others.[2]

Mr. Gouse died intestate, according to plaintiff.[3] Margaret E. Reisinger was appointed administratrix of decedent's estate in August of 1997, plaintiff alleges.[4]

The present action was commenced as *Estate of Robert A. Gouse v. Miller & Norford Inc., Landis Inc., Steel Buildings Erectors Inc., and Hershey Creamery Company Inc.,* by a praecipe for writ of summons on January 8, 1999. The action arises out of the aforesaid January 13, 1997 fatal accident.[5]

Although commenced within two years of the alleged date of the fatal accident, the action did not generate the filing of a complaint until March 5, 1999.[6] The complaint was captioned *The Estate of Robert A. Gouse v. Miller & Norford Inc. and Hershey Creamery Co. Inc.;*[7] as with the praecipe for writ of summons, this pleading omitted any reference to the personal representative.

---

1. Plaintiff's amended complaint, paragraphs 1, 5, 8.

2. *Id.,* paragraphs 16-17, 21-22, 27-28, 32-33, 37-38.

3. *Id.,* paragraph 1.

4. *Id.,* paragraph 2 and attachment "A." For purposes of this opinion, the court will assume that these allegations, which have not been challenged at this stage of the proceedings by defendants, are true.

5. *Id.,* paragraphs 1-38.

6. The complaint was filed in response to praecipes of several defendants for rules to file a complaint.

7. Two defendants were obviously withdrawn from the action when the complaint was filed.

Preliminary objections based upon the omission of the personal representative were filed to the complaint by the defendants.[8] In response to these preliminary objections, plaintiff filed an amended complaint, pursuant to Pennsylvania Rule of Civil Procedure 1028(c)(1).[9] The amended complaint was captioned *The Estate of Robert A. Gouse, by Margaret E Reisinger, Administratrix v. Miller & Norford Inc., and Hershey Creamery Company Inc.*; it identified the personal representative as having been "appointed administratrix of the estate of Robert A. Gouse, deceased [on or about August 28, 1997]," averred that "ever since her appointment [she] has been and is now acting as such administratrix," and attached a copy of the certificate of the grant of letters of administration to Ms. Reisinger issued by the Register of Wills of Cumberland County on August 29, 1997.[10]

Preliminary objections were filed by both defendants to the amended complaint.[11] Both sets of preliminary objections are based upon the initial omission of a reference to the decedent's personal representative in the praecipe for writ of summons and the subsequent running of the applicable two-year statute of limitations[12]

---

8. Preliminary objections of defendant Miller & Norford Inc. filed March 16, 1999; preliminary objections of defendant Hershey Creamery Company Inc. filed March 24, 1999.

9. Pennsylvania Rule of Civil Procedure 1028(c)(1) provides that "[a] party may file an amended pleading as of course within 20 days after service of a copy of preliminary objections."

10. Plaintiff's amended complaint, paragraph 2 and attachment "A."

11. Preliminary objections of defendant Miller & Norford Inc. to amended complaint, filed April 13, 1999; preliminary objections of defendant Hershey Creamery Company Inc. to plaintiff's amended complaint, filed April 16, 1999.

12. See Act of July 9, 1976, P.L. 586, §2, *as amended,* 42 Pa. C.S. §5524 (1999 Supp.).

prior to the inclusion of a reference to the administratrix, in the amended complaint. More specifically, the preliminary objections of defendant Hershey Creamery Company Inc. consist of (a) a demurrer noting that plaintiff "failed to obtain Rule 1033 consent or leave of court to substitute plaintiff "[13] and seeking dismissal of the complaint as to it "on the basis that the substitution of the plaintiff is beyond the statute limitations and is time-barred" and (b) a motion for dismissal of the complaint as to it for lack of capacity to sue on the part of the initiator of the action.

The preliminary objections of defendant Miller & Norford Inc. consist of (a) a motion to strike the complaint as to it, noting that plaintiff "did not obtain the consent of adverse parties or obtain leave of court to change the identification of the plaintiff " as purportedly required by Pennsylvania Rule of Civil Procedure 1033,[14] and that the "change of identification of the plaintiff is beyond the statute limitations governing this action,"[15] (b) a demurrer, seeking dismissal of the complaint as to it "on the basis that it has been initiated by a non-party and accordingly fails to state a cause of action upon which relief can be granted,"[16] and because "[t]he failure to initiate this action in the name of a personal representative of the estate of Robert A. Gouse is fatal and renders this lawsuit a nullity,"[17] and (c) a motion for dismissal

---

13. Preliminary objections of defendant Hershey Creamery Company Inc. to plaintiff's amended complaint, paragraph 3.

14. Preliminary objections of defendant Miller & Norford Inc. to amended complaint, paragraph 3.

15. *Id.,* paragraph 6.

16. See *id.,* paragraph 7.

17. *Id.,* paragraph 8.

of the complaint as to it for lack of capacity to sue on the part of the initiator of the action.[18]

Argument on defendants' preliminary objections was held on May 26, 1999.

## DISCUSSION

The question of whether a sufficiently substantive change is involved, when there is the addition of an estate's personal representative to the designation of a party in a civil case, where the estate was in existence at all pertinent times, so as to implicate the statute of limitations, was answered in the negative by Judge Cercone in *Erksa v. Schriver*, 113 P.L.J. 154 (1964), *aff'd*, 205 Pa. Super. 746, 209 A.2d 444 (1965). In *Erska*, an existing estate was sued as "estate of William C. Schriver, deceased, defendant."

Subsequent to the running of the statute of limitations, the plaintiff sought to amend the caption to identify the defendant as "John E. Schriver, administrator of the estate of William C. Schriver, deceased." An objection to the amendment was interposed on the part of the defendant on the ground that a new party was being introduced into the case beyond the period permitted by the statute. In rejecting the argument that a new party was being subjected to suit, Judge Cercone reasoned as follows:

"In the present case there can be no legal entity apart from the administrator. While it is true that an estate has no legal existence, the term does stand for some identifiable body of assets that take on legal identity through the person of the administrator. The administrator in this

---

18. *Id.,* paragraph 10.

case was the person who was served and who accepted service of the complaint. By changing the caption and allowing the name of the administrator to be added in no way brings on the record a new party because the administrator is none other than the legal representative of the estate and would be in no way answerable personally in the action." *Erska v. Schriver,* 113 P.L.J. 154, 155 (1964), *aff'd,* 205 Pa. Super. 746, 209 A.2d 444 (1965).

In the case sub judice, the more proper designation of the plaintiff in the caption of the amended complaint by reference to the administratrix of the estate, did not, in the court's view, introduce a new party to the case, where the estate was in existence at the time of the filing of the praecipe for writ of summons. The amendment corrected the name of, but did not add or change, the party. Cf. *Powell v. Sutliff,* 410 Pa. 436, 438, 189 A.2d 864, 865 (1963) (amendment after statute of limitations had run permissible where right party sued but under "wrong designation"). By virtue of Pennsylvania Rule of Civil Procedure 1028(c)(1), neither consent of adverse parties nor leave of court was required for the amendment.[19]

This case is distinguishable from one where the estate had no pretense of existence prior to the running of the statute of limitations. Cf. *Prevish v. Northwest Medical Center,* 692 A.2d 192 (Pa. Super. 1997) (attempt by administrator who had opened estate after statute of limitations had expired to relate appointment back to time of commencement of suit in name of estate rejected). In such a case the argument that an amendment to substitute a personal representative's name for the name of a nonexistent entity would have the effect of introducing a new party to the litigation is far more persuasive.

---

19. See *supra* note 9 and accompanying text.

For the foregoing reasons, the following order will be entered:

## ORDER

And now, June 17, 1999, upon consideration of defendants' preliminary objections to plaintiff's amended complaint, and for the reasons stated in the accompanying opinion, the preliminary objections are denied.