651 A.2d 1133

Mauritia J. ZERCHER and Cleon S. Zercher, Appellants,

v.

COCA–COLA USA, the Coca–Cola Company and Stainless Ice–Tainer Co. t/d/b/a the Sitco Company, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 15, 1994.

Filed Dec. 29, 1994.

Daniel H. Shertzer, Jr., Lancaster, for appellants.

Jeffrey B. Rettig, Harrisburg, for Stainless Icetainer Co., appellee.

Before CAVANAUGH, POPOVICH and SAYLOR, JJ.

SAYLOR, Judge.

This is an appeal from an order entered in the Court of Common Pleas of Lancaster County which denied the petition of Appellants, Mauritia J. Zercher and Cleon S. Zercher, to amend their complaint. We affirm.

On January 3, 1989, Appellant, Mauritia Zercher, was allegedly injured when she slipped and fell on a puddle of soda water which had leaked from a soda machine. On January 3, 1991, the last day in the limitations period, Ms. Zercher and her husband filed a praecipe for a writ of summons naming as defendants Coca–Cola USA, the Coca–Cola Company (collec-

tively "Coca–Cola") and Citco, T.M. ("Citco"), a registered trademark. On December 18, 1991, Appellants filed a complaint against Coca–Cola and Citco. No appearance was ever entered on behalf of Citco.

Subsequent investigation by Appellants revealed that the soda machine in question was manufactured by Stainless Ice–Tainer Company ("Ice–Tainer"), t/d/b/a The Sitco Company ("Sitco"). On October 5, 1993, nearly three years after filing the praecipe for a writ of summons and nearly two years after filing the complaint, Appellants filed a document entitled "reinstated complaint." In the reinstated complaint, Appellants deleted Citco from the caption as a party defendant, and substituted in its place Ice–Tainer. Appellants did not seek permission from the trial court to amend their complaint.

After the reinstated complaint was filed, Appellee, Ice–Tainer, entered its appearance and filed preliminary objections to the reinstated complaint, challenging service and personal jurisdiction over Ice–Tainer on the basis that it was a non-existent company. The preliminary objections also contained a motion to strike based upon the improper addition of a defendant to the complaint. The preliminary objections recited that on December 27, 1989, Ice–Tainer had merged into Schneider Metal Manufacturing Company ("Schneider") which later merged into IMI Cornelius, Inc. ("IMI"). The preliminary objections further stated that Citco properly referred to a trademark, which is not amenable to suit.

On December 9, 1993, Appellants filed a petition to correct the name of Ice–Tainer to IMI, and the prothonotary issued a rule returnable for argument on the petition. However, on December 10, 1993, the trial court, unaware of Appellants' petition and rule, granted Appellee's preliminary objections and dismissed the complaint as against Ice–Tainer. Appellee subsequently contested Appellants' petition to correct the name on the complaint, claiming that Appellants were attempting to add a new party to the litigation. The trial court agreed and denied the petition by way of an order entered on February 24, 1994. This appeal followed.

On appeal, Appellants contend that the trial court erred in denying their petition because they had originally sued the manufacturer of the soda machine under its tradename and were not attempting to add a new party to the litigation. They argue that absent an allegation of prejudice to the opposing party, their petition should not have been denied on the basis of the length of time which had passed since the date of the accident and the expiration of the statute of limitations.

Our standard of review from the denial of a petition to amend a complaint is as follows:

> ... [T]he decision to grant or deny permission to amend is within the discretion of the trial court and will be reversed only upon a showing of abuse of discretion.

*Pitts v. Port East Pulaski Highway,* 399 Pa.Super. 65, 67, 581 A.2d 677, 678 (1990).

Rule 1033 of the Pennsylvania Rules of Civil Procedure addresses corrections to the names of parties in a pleading and states, in pertinent part:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading.

In order to secure a determination of cases on their merits the trial court should grant, whenever possible, a petition to change the name on a pleading. *Jacob's Air Cond. v. Assoc. Heating,* 366 Pa.Super. 430, 531 A.2d 494 (1987). However, if the other party suffers prejudice or surprise, the petition to change the name of a party will not be permitted. *Id.,* 366 Pa.Super. at 433, 531 A.2d at 496, citing *Spain v. Vincente,* 315 Pa.Super. 135, 461 A.2d 833 (1983); *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 516 A.2d 299 (1986).

Furthermore, a plaintiff may not add a new party after the expiration of the applicable statute of limitations. *Hoare v. Bell Tel. Co.,* 509 Pa. 57, 500 A.2d 1112 (1985). One rationale underlying this rule "... is to insure that assets originally not subject to liability will not become subject to liability through court action after the statute of limitations

146

has run." *Lafferty v. Alan Wexler Agency, Inc.,* 393 Pa.Super. 400, 407, 574 A.2d 671, 673–674 (1990).[1]  Therefore, in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of a party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. *Jacob's Air Cond. v. Assoc. Heating,* 366 Pa.Super. at 433, 531 A.2d at 496. "If an amendment constitutes a simple correcting of the name of a party, it should be allowed, *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 361 A.2d 842 (1976)." *Jacob's Air Cond. v. Assoc. Heating,* 366 Pa.Super. at 433, 531 A.2d at 496.

Rule 2177 of the Pennsylvania Rules of Civil Procedure states that an action shall be prosecuted against a corporation or similar entity in its corporate name. A corporate name is defined as any name, real or fictitious, under which a corporation or similar entity was organized or conducts business, whether or not such name has been filed or registered. Pa.R.C.P. No. 2176.

In both their praecipe for a writ of summons and the December, 1991 complaint, Appellants attempted to sue a trademark, Citco, T.M. A trademark is a word, name, symbol or device, or any combination thereof, which is applicable to and identifies the vendable commodities of a business. *See, Ress v. Barent,* 378 Pa.Super. 397, 548 A.2d 1259 (1988); Black's Law Dictionary 776 (abridged 5th ed. 1983). By contrast, a tradename refers to the business itself. *Id.* Citco, T.M. referred only to a product and, as such, is not amenable to suit. Moreover, neither IMI nor Ice–Tainer were organized or conducting business under a trademark; Ice–Tainer traded and performed its business under the Sitco tradename. Finally, Ice–Tainer, which owned the Citco trademark and manufactured the soda machine, initially merged with

---

1. In *Lafferty,* the Superior Court held that the statute of limitations was tolled where a defendant actively concealed the identity of the party against whom the plaintiff intended to bring a cause of action. In this case, plaintiffs have not alleged any such concealment.

Schneider, which then merged with IMI. An entirely new and distinct business entity, IMI, is the product of such mergers and is comprised of assets separate and distinct from Ice–Tainer, which assets would have been subjected to liability if the petition had been granted.

Under these facts, it is obvious that Appellants did not originally institute suit against the soda machine manufacturer under its corporate name, and equally obvious that their petition improperly attempted to add a new party to this litigation under the guise of correcting the name of a trade-mark contained in the caption of the original action after the applicable statute of limitations had expired. Accordingly, Appellants' petition was properly denied, and the order of the trial court is affirmed.