J-S43029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| OBERMAYER REBMANN MAXWELL & HIPPEL, LLP | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THIRD PILLAR SYSTEMS, INC. AND THE BUZBEE LAW FIRM | |
| Appeal of:  The Buzbee Law Firm | No. 3340 EDA 2014 |

Appeal from the Order Entered November 12, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2014, No. 01063

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                   **FILED SEPTEMBER 04, 2015**

Appellant, The Buzbee Law Firm, appeals from the order entered November 12, 2014, in the Court of Common Pleas of Philadelphia County, which denied its petition to open the default judgment.  We affirm.

Appellant is a law firm based in Houston, Texas.  In June 2010, Appellant acted as an agent to retain Appellee, Obermayer Rebmann Maxwell & Hippel, LLP, to serve as local counsel in the Eastern District of Pennsylvania on behalf of Appellant's client, Third Pillar Systems, Inc. The trial court summarized the subsequent history of this case as follows.

> The instant case commenced February 11, 2014, with the filing of a Complaint by Appellee Obermayer Rebmann Maxwell & Hippel, LLP against Appellant and Third Pillar Systems, Inc. The [C]omplaint raised counts of breach of contract, quantum meruit, and action on an account stated.

On February 27, 2013, Appellee filed an Affidavit of Service of Complaint upon Appellant by certified mail on February 18, 2014. The Complaint was mailed to Appellant at JP Morgan Chase Tower, 600 Travis Ste 7300, Houston, TX, 77002.

On May 28, 2014, Appellee sent a Notice of Intent to Enter Default Judgment to Appellant via certified mail and regular first class mail.

On June 10, 2014, Appellee filed a Praecipe for Judgment by Default in the amount of $49,378.01.

On September 19, 2014, Appellant filed a Petition to Open Judgment, arguing that service of the [C]omplaint was not properly effectuated as Appellant's proper name was Anthony G. Buzbee, [L.P.] and that Appellant had consequently not had an opportunity to answer and/or respond to the Complaint and present its meritorious defenses. Additionally, in its memorandum of law, Appellant argued that it "simply acted as an agent to retain [Appellee] to serve as local counsel … [Appellant] was not a named defendant in the underlying litigation and nowhere in the fee agreement did [Appellant] agree to guarantee or be responsible for the fees of Third Pillar."

On October 14, 2014, Appellee filed an Answer in Opposition to Appellant's Petition. The Answer denied Appellant's averments and further stated that "The Buzbee Law Firm" was the name regularly used by Appellant [on] letterhead [in] a letter in which it acknowledged that it was a party to the lawsuit. ***See*** Answer in Opposition, Exhibit B.

On November 7, 2014, following consideration of the relevant record, [the trial court] denied Appellant's Petition to Open Judgment.

Trial Court Opinion, 2/3/15, at 1-2. This timely appeal followed.

Appellant raises the following issue for our review.

Whether the trial [c]ourt below erred in denying a Petition to Open a Default Judgment in favor of Appellant Buzbee where ineffective service was made and there exists meritorious defenses to the claims set forth in the Complaint?

Appellant's Brief, at 3.

Our standard of review provides that

a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

*Kelly v. Siuma*, 34 A.3d 86, 91 (Pa. Super. 2011) (citation omitted), *appeal denied*, 42 A.3d 294 (Pa. 2012).

"Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Id*., at 92 (citations omitted). "The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received." *Id*. (citation omitted). Normally, in cases in which the court has found a petition to open to have been prompt and timely filed, the period of delay has been under one month. *See id*. (collecting cases).

Instantly, the trial court concluded that Appellant failed to satisfy even the first prong of the test, in that it did not promptly file its petition to open the default judgment until September 19, 2014—101 days after it was entered on June 10, 2014. This delay is patently unreasonable. *See*, *e.g.*,

***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa. Super. 2009) (finding 82 day delay was not timely).

Although Appellant contends that it never received notice of the lawsuit or of the entry of default judgment, the record belies this assertion. As correctly noted by the trial court, "[s]ervice [of the complaint] was sent to the address of [Appellant's] Houston, Texas principal location by certified and first class regular mail. The return receipt in the affidavit of service was signed [on February 18, 2014] and received, and included in Appellee's affidavit [filed February 27, 2014]." Trial Court Opinion, 2/3/15, at 3. ***See also***, Plaintiff's Response to Defendant's Petition to Open Default Judgment, 10/14/14, at Exhibit A. Appellant specifically acknowledged receipt of the complaint in a letter delivered to Third Pillar Systems, Inc. by fax and certified mail on March 18, 2014. ***See id***., at Exhibit B. Appellee delivered the 10-day notice of praecipe to enter default judgment to Appellant via first class and certified mail on May 28, 2014, and Appellant indicated receipt of the notice when it signed and returned the certified mail return of service form on June 2, 2014. ***See id***., at Exhibit D. After receiving no response, Appellee filed a praecipe to enter default judgment with the prothonotary and delivered notice to Appellant on June 10, 2014. ***See id***., at Exhibit E.

Appellant does not contest the validity of the signed certified mail return of service forms or the correspondence written on firm letterhead that explicitly referenced Appellee's lawsuit. Clearly, it cannot now claim lack of knowledge of the judgment as an excuse for failing to file a timely petition to

open. We therefore agree with the trial court that it was unreasonable for Appellant to wait 101 days to file a petition to open the default judgment.

We likewise agree that Appellant fails to satisfy the second prong, *i.e.*, that it had a justifiable excuse for failing to file a timely response to Appellee's complaint. "[W]hether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." ***US Bank N.A.***, 982 A.2d at 995 (citation omitted). "The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." ***Id***. (citation omitted).

In its petition to open the default judgment, Appellant avers that it did not file a timely response because Appellee did not properly serve the complaint. Appellant further contends that service was improper as the complaint incorrectly named the defendant as "The Buzbee Law Firm," and not "Anthony G. Buzbee, L.P.," the name under which it is legally registered in the state of Texas. Rejecting these positions, the trial court concluded that Appellee's service of the complaint fully complied with the Pennsylvania Rules of Civil Procedure:

> Rule 2177 of the Pennsylvania Rules of Civil Procedure states that an action shall be prosecuted against a corporation or similar entity in its corporate name. ***Zercher v. Coca-Cola USA***, 438 Pa. Super. 142, 146, 651 A.2d 1133, 1135 (1994). A corporate name is defined as any name, real or fictitious, under which a corporation or similar entity was organized or conducts business, **whether or not such name has been filed or registered**. ***Zercher***, 651 A.2d at 1135; Pa.R.C.P. No. 2176. Appellee provided exhibits to show that Appellant does business

under the name "The Buzbee Law Firm," *namely, the firm's own letterhead*. Thus, Appellant was properly sued under that name.

Service was sent to the address of [Appellant's] Houston, Texas principal location by certified and first class regular mail. The return receipt in the affidavit of service was signed and received, and included in Appellee's affidavit. Per Pa.R.C.P. 404(2), Appellee was permitted to serve an out of state defendant in the manner governed by Pa.R.C.P. 403, which states that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. 403[;] **ANS Associates, Inc. v. Gotham Ins. Co.**, [42 A.3d 1074, 1076 (Pa. Super. 2012)].

Appellee provided a signed certified mail return of service form, signed and delivered on February 18, 2014, that was sent to Appellant's address. Consequently, service was properly made.

Trial Court Opinion, 2/3/15, at 3 (emphasis in italics added).

We agree with the trial court's cogent analysis. Appellant does not dispute that it regularly conducts business as "The Buzbee Law Firm," as indicated on the firm's letterhead, nor does it dispute that the Houston, Texas location at which it was served with the complaint was a valid business location. That Appellant received the complaint is evident by the signed certified mail receipt reflected in the affidavit of service Appellee filed February 27, 2014. **See** Pa.R.C.P. 403 ("Service is complete upon delivery of mail."). For these reasons, Appellant's argument that it did not respond to the complaint due to improper service is wholly without merit.

Finally, we conclude that Appellant has failed to satisfy the third prong of the test, in that it did not plead a meritorious defense to the allegations in the complaint. The trial court concluded that Appellant "has not asserted

any meritorious defense in its petition, other than a bare allegation that it possesses one." Trial Court Opinion, 2/3/15, at 6. We agree.

"Merely asserting in a petition to open default judgment that one has a meritorious defense is insufficient." ***Seeger v. First Union Nat. Bank***, 836 A.2d 163, 166 (Pa. Super. 2003) (citation omitted). The moving party must set forth its meritorious defense "in precise, specific and clear terms." ***Id***. (citation omitted). Appellant's assertion in the petition that it "has never had the opportunity to … present its meritorious defenses" is insufficient to satisfy this requirement. ***See*** Petition to Open Default Judgment, 9/19/14, at ¶5.

Based on the foregoing, we find no abuse of discretion in the trial court's denial of Appellant's motion to open the default judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/4/2015

- 7 -