J-S35017-19

2019 PA Super 315

| | |
|---|---|
| SOFIA N. THOM | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CDM AUTO SALES AND JENNIFER SCHAEFFER | |
| Appellees | No. 119 EDA 2019 |

Appeal from the Order Entered December 14, 2018
In the Court of Common Pleas of Northampton County
Civil Division at No.: C-48-CV-2017-7387

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

OPINION BY STABILE, J.:                    **FILED OCTOBER 18, 2019**

Appellant Sofia N. Thom appeals from the December 14, 2018 order of the Court of Common Pleas of Northampton County ("trial court"),[1] which denied her self-styed "Motion for Leave to Amend Name of Defendant In Caption of Case and Underlying Default Judgment" (the "Motion").  Upon review, we reverse.

The facts and procedural history of this case are uncontested.  Briefly, following Appellant's February 14, 2017, purchase of a used vehicle from

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the trial court's January 2, 2019 order denying her motion for reconsideration.  An appeal, however, does not lie from the denial of a motion for reconsideration, but from the underlying judgment. *See **Erie Ins. Exch. v. Larrimore**, 987 A.2d 732, 743 (Pa. Super. 2009). We have amended the caption accordingly.

Appellees, she filed on September 14, 2017, a civil complaint against them alleging fraud, a violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), negligence, negligent misrepresentation, breach of implied warranty of fitness for a particular purpose, and breach of express and implied warranty of merchantability.[2] *See* Complaint, 9/14/17, at ¶¶ 17-51. On October 10, 2017, Appellant issued a "Notice of Praecipe for Entry of Judgment of Default for Failure to Plead" (the "Notice") to Appellees, advising them that they had ten days from the date of the Notice to file an answer in this case to avoid the entry of a default judgment against them. On October 30, 2017, Appellant filed a praecipe for judgment for $8,000.00 against Appellees.

On November 6, 2017, Attorney Keene Jabbour entered his appearance on behalf of Appellees. On the same day, Attorney Jabbour filed an answer to the September 14, 2017 complaint, seeking the dismissal thereof. In the answer, Appellees asserted that the name of Appellee CDM Auto Sales was incorrect in the complaint and should have been "CDM Auto Sales, LLC." On April 13, 2018, more than five months later, Appellees filed a "Petition to Open Default Judgment." Therein, Appellees once again asserted that it was CDM Auto Sales, LLC, and not CDM Auto Sales, that sold the vehicle in question to

---

[2] The statute of limitations period for UTPCPL claims is six years, contract claims four years and tort claims two years. *See* 42 Pa.C.S.A. §§ 5527(b), 5525, and 5524, respectively.

Appellant. The trial court, after issuing a rule to show cause, denied the petition to open default judgment on September 18, 2018.

On September 28, 2018, Appellees filed a motion for reconsideration of the trial court's September 18, 2018 order denying their petition to open default judgment. The trial court denied reconsideration on October 2, 2018. On November 21, 2018, more than one year after the entry of the underlying default judgment and more than two months after the trial court's denial of the petition to open judgment, Appellant filed the instant Motion, seeking to amend Appellee CDM Auto Sales' name in the caption and in the underlying judgment. In particular, Appellant sought to change the name of Appellee CDM Auto Sales to "CDM Auto Sales, LLC." In support, Appellant alleged that on November 15, 2018, Appellees' counsel answered her February 22, 2018 interrogatories stating that CDM Auto Sales, LLC was not a party to this action. On December 14, 2018, following a hearing, the trial court issued an order and opinion, denying the Motion, concluding that Pa.R.C.P. No. 1033 applied only to amendments of pleadings and not judgments. On December 21, 2018, Appellant moved for reconsideration, which the trial court denied on January 2, 2019. Appellant timely appealed on January 7, 2019. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising several assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) statement, wherein it adopted its December 14, 2018 opinion.

On appeal, Appellant raises a single issue for our review:

[I.] Did the trial court err by not permitting amendment of the caption and underlying judgment to reflect the corporate designation of the entity defendant when, in fact, no new party was added to the case and where the entity defendant led [Appellant] to believe its name was something else?

Appellant's Brief at 5.

It is settled that the trial court "enjoys 'broad discretion' to grant or deny a petition to amend" pleadings. *The Brickman Grp., Ltd v. CGU Ins. Co.*, 865 A.2d 918, 9267 (Pa. Super. 2004) (citation omitted); *see General Mach. Corp. v. Feldman*, 507 A.2d 831, 834 (Pa. Super. 1986) (noting that Rule 1033 is completely subject to the discretion of the trial court). We therefore use an abuse of discretion standard in reviewing a trial court's order granting or denying a petition to amend. *Id.*

Rule 1033 provides:

**(a)** A party, either by filed consent of the adverse party or by leave of court, may *at any time change* the form of action, add a person as a party, *correct the name of a party*, or otherwise amend the pleading.[3] The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

**(b)** An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, *within 90 days after the period provided by law for commencing the action*, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action

---

[3] Pleadings in a civil action are limited to: (1) a complaint and an answer thereto; (2) a reply if the answer contains new matter, a counterclaim or a cross-claim; (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter; and (4) a preliminary objection and a response thereto. *See* Pa.R.C.P. No. 1017(a)(1).

would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. No. 1033(a) and (b) (emphasis added). It is "beyond peradventure that leave to amend pleadings has traditionally been liberally granted in this jurisdiction." *Biglan v. Biglan*, 479 A.2d 1021, 1025 (Pa. Super. 1984) (citations omitted); *see* Pa.R.C.P. No. 126. As can be seen from the clear language of Rule 1033, no limit is imposed on the time when an amendment may be made. Thus, "[p]leadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, *after judgment*, or after an award has been made and an appeal taken therefrom."[4] *Id.* at 1025-26 (emphasis added) (citing *Sheppard v. First Pennsylvania Banking & Tr. Co.*, 184 A.2d 309, 311 (Pa. Super. 1962)); *see also Keller V. R.C. Keller Motor Co.*, 124 A.2d

---

[4] Because Rule 1033 expressly permits amendment of pleadings "at any time," the 30-day jurisdictional limit under Section 5505 is inapplicable. *See* 42 Pa.C.S.A. § 5505 ("*Except as otherwise provided or prescribed by law*, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.") (emphasis added). Section 5505 permits a party to amend a judgment *even after the expiration* of the 30-day period so long as the amendment is otherwise provided or prescribed by law, such as in Rule 1033. *Cf. Zimmerman v. Briggans*, 5 Watts 186 (Pa. 1836) (explaining that a mistake in the entry on a judgment may be amended even after error brought, provided such amendment is not to the prejudice of a subsequent encumbrancer). Differently put, the 30-day period for amendments provided for in Section 5505 becomes immaterial where amendments beyond that period are permitted by law. *See Lohmiller v. Weidenbaugh*, 469 A.2d 578, 580 n.4 (Pa. 1983) ("Rules of Civil Procedure promulgated by this court have same force and effect as statutes passed by the legislature.") (citing *Dombroski v. City of Philadelphia*, 245 A.2d 238 (Pa. 1968)); *accord Maurice A. Nernberg & Assocs. v. Coyne*, 920 A.2d 967, 971 (Pa. Cmwlth. Ct. 2007).

105, 106 (Pa. 1956) (noting that pleadings may be amended at any stage of the proceedings); **Trabue v. Walsh**, 177 A. 815, 816 (Pa. 1935) ("Pleadings may be amended at any state of the case.").

As we explained in **Biglan**, "[t]he fundamental purpose of this rule is to prevent cases from turning on purely technical defects. . . . [H]ypertechnicality and formalism in pleading are contrary to modern practice of allowing free amendment in order to promote resolution of cases on their merits." **Biglan**, 479 A.2d at 1026 (citations omitted). Nonetheless, a trial court may deny amendment of pleadings if there is resulting prejudice or surprise to the adverse party. **Id.** "[P]rejudice, in turn, must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party." **MacGregor v. Madiq Inc.**, 576 A.2d 1123, 1126 (Pa. Super. 1990) (citation omitted). In **Capobianchi v. BIC Corp.**, 666 A.2d 344 (Pa. Super. 1995), we noted that prejudice sufficient to deny amendment of the pleadings "must be more than a mere detriment to the other party[.]" **Id.** at 346. The "fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend[.]" **Id.** (citation omitted). Indeed, "[d]enial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." **Id.** at 347 (citation omitted). However, under the current language of Rule 1033, pleadings may not be amended to correct a

party's name if more than 90 days have passed since the expiration of the statute of limitations.[5]  **See** Pa.R.C.P. No. 1033(b).

In **Powell v. Sutliff**, 189 A.2d 864 (Pa. 1963), the plaintiff's original complaint designated the defendant as the "Pleasant Hills Realty Company, a corporation."  **Powell**, 189 A.2d at 865.  After the statute of limitations had run,[6] the plaintiff attempted to change the description of the business entity from a corporation to a partnership.  **Id.**  In reversing the trial court, our Supreme Court held that a motion to amend a complaint is permissible so long as "the proposed amendment merely seeks to correct the designation of [a] business entity" and would not impose liability on a new and distinct party. **Id.**  The proper test, as applied by the Court, is "whether the right party was sued but under a wrong designation—in which event the amendment was permissible—or whether a wrong party was sued and the amendment was designed to substitute another and distinct party—in which event the amendment was not permissible."  **Id.** (citing **Gozdonovic v. Pleasant Hills Realty Co.**, 53 A.2d 73 (Pa. 1943)).

Here, based upon our review of the record and the foregoing legal authorities, we are constrained to conclude that the trial court abused its discretion in denying the Motion by which Appellant sought to amend her

---

[5] As mentioned above, the shortest applicable statute of limitations for the causes of action asserted by Appellant is two years, thus making the Motion timely under Rule 1033(b).  **See** 42 Pa.C.S.A. § 5524.

[6] Rule 1033(b) was not in effect at the time.

pleadings to change the name of Appellee CDM Auto Sales to CDM Auto Sales, LLC. As detailed earlier, Appellant filed the Motion within two years of her February 14, 2017 purchase of the used vehicle at the heart of this dispute. Consistent with **Powell**, Appellant merely sought the proposed amendment to correct the designation of a business entity—*i.e.*, CDM Auto Sales—and not to impose liability on a new and distinct party. Thus, no doubt exists that Appellant sued the right party (CDM Auto Sales) but failed to use the proper designation (LLC). Furthermore, Appellees have neither claimed nor demonstrated prejudice or surprise. They participated in this proceeding by initially filing an answer and later a petition to open the default judgment. In both filings, Appellees acknowledged that the name of Appellee CDM Auto Sales was incorrect in the complaint and should have been "CDM Auto Sales, LLC." Accordingly, the trial court abused its discretion.

Our inquiry, however, does not terminate here. We still must address Appellees' contention, as supported by the trial court's rationale, that Rule 1033 does not apply to judgments. To accept this contention would invite an absurd result in cases where, as here, more than 30 days after the entry of judgment but within 90 days of the applicable statute of limitations period, a party is permitted to amend his or her pleadings to correct a name in the caption. Ordinarily, when a party is allowed to amend pleadings to correct a name, the amendment carries through and is applied to all related filings. **See** Pa.R.C.P. No. 1018 (relating to captions) and Pa.R.A.P. 904(b) ("The parties shall be stated in the caption as they stood upon the record of the trial court

at the time the appeal was taken.").  Under the circumstances of this case, to permit an amendment of the pleadings to correct a name but to deny a corresponding correction of the judgment would result in the pleadings and the judgment bearing different and inconsistent captions.  Thus, to avoid this inconsistency, we interpret Rule 1033 to apply to judgments in situations where, as here, pleadings are amended to correct the name of a party (not to add a new party) after entry of judgment but within 90 days of the applicable statute of limitations period.  We, therefore, conclude that the trial court abused its discretion in denying the Motion to the extent it sought to correct the name of Appellee CDM Auto Sales in the caption and the text of the judgment.  In conclusion, we direct that the trial court permit Appellant to amend the pleadings to correct the name of Appellee "CDM Auto Sales" to "CDM Auto Sales, LLC", and change the caption and the text of the underlying default judgment to reflect the amended pleadings.

Order reversed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/19