J-A22002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAWRENCE PAUL PINNO, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BLAISE ALEXANDER FAMILY | : | |
| DEALERSHIPS, ALEXANDER BUICK | : | |
| CADILLAC GMC, AND RICHARD C. | : | No. 209 MDA 2020 |
| ORTLIP, IV | : | |
| | : | |
| | : | |
| APPEAL OF: NANCY J. YEAGER, | : | |
| EXECUTRIX OF THE ESTATE OF | : | |
| LAWRENCE P. PINNO, JR., | : | |
| DECEASED | | |

Appeal from the Order Entered January 2, 2020
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2014-1487

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 05, 2020**

Nancy J. Yeager (Appellant), executrix of the estate of Lawrence P. Pinno, Jr. (Pinno), appeals from the order granting Blaise Alexander Family Dealerships', Alexander Buick Cadillac GMC's, and Richard C. Ortlip, IV's (Ortlip) (collectively, Appellees) motion for summary judgment.  Upon review, we reverse the order granting summary judgment in favor of Appellees and remand this matter to the trial court for proceedings consistent with this decision.

On October 26, 2012, Pinno purchased a pre-owned 2005 Ford Mustang (the Mustang) from Alexander Buick Cadillac GMC, a car dealership located at

800 Market Street, Sunbury, Northumberland County, Pennsylvania. Ortlip was the salesperson who sold Pinno the Mustang. During the process of purchasing the Mustang, Pinno informed Ortlip that he did not want to buy a vehicle that was damaged or had been in an accident. Ortlip assured Pinno that the Mustang had a clean history and gave Pinno a vehicle history report that showed the vehicle had not been in any accidents or otherwise damaged.

Following his purchase of the Mustang, Pinno began to suspect that it had sustained pre-sale damage. Pinno took the Mustang to several local body shops, each of which advised Pinno that the Mustang had been in at least one accident prior to his purchase of the vehicle. Consequently, Pinno returned to Alexander Buick Cadillac GMC to address the condition of the Mustang at the time of sale. Alexander Buick Cadillac GMC showed Pinno a clean Carfax history report for the Mustang. Blaise Alexander Family Dealerships also sent a mechanic from its headquarters to conduct another inspection of the Mustang. The mechanic claimed that this inspection did not reveal any pre-sale accidents, damage, or repairs.

On October 21, 2013, Pinno filed a complaint against Appellees in the Philadelphia County Court of Common Pleas. Pinno raised several claims against Appellees, including, *inter alia*, fraud, breach of contract, negligence, negligent misrepresentation, breaches of express and implied warranties, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Generally, Pinno alleged that at the time of purchase, Appellees

represented that the Mustang was in good, safe and operable condition, free of defects, and had not been in any accidents or sustained any damage. Pinno further alleged that additional inspections of the vehicle revealed that prior to the sale, the Mustang had been in at least one accident, had sustained frame and other structural damage, and was not in good, operable, or safe condition.

On August 19, 2014, the case was transferred to the Northumberland County Court of Common Pleas. On October 8, 2014, Appellees filed an answer with new matter. Importantly, Appellees averred that the proper corporate defendant in this matter was not Blaise Alexander Family Dealerships or Alexander Buick Cadillac GMC, but rather Alexander Pontiac-Buick-Cadillac-GMC Truck, Inc.

On April 22, 2019, Appellees filed a motion for summary judgment.[1] Appellees argued that, *inter alia*, the trial court should grant summary judgment in its favor because Blaise Alexander Family Dealerships was not involved "in any aspect of the . . . sale of the Mustang to [Pinno]." Appellees' Motion for Summary Judgment, 4/22/19, ¶ 34. Appellees further asserted that Ortlip was entitled to summary judgment because "[t]here is no evidence of record that [Ortlip] did anything in his individual capacity that would impose liability on him individually." *Id.* ¶ 40. Notably, Appellees did not argue in their motion that summary judgment was appropriate because Pinno failed to

---

[1] On November 5, 2016, Pinno died. The docket indicated that Appellant was substituted as the plaintiff on May 10, 2019.

name the correct corporate defendant in the complaint or that Alexander Buick Cadillac GMC was entitled to summary judgment because Pinno did not correctly identify defendant as Alexander Pontiac-Buick-Cadillac-GMC Truck, Inc.

On January 2, 2020, the trial court granted Appellee's motion for summary judgment. The sole basis for summary judgment was the trial court's determination that Pinno failed to name the appropriate corporate entity (Alexander Pontiac-Buick-Cadillac-GMC Truck, Inc.) as a defendant. The trial court explained:

1. There are no entities by the names of Defendants Blaise Alexander Family Dealership[s] or Alexander Buick Cadillac GMC that can be parties to a suit, *i.e.* a corporation, partnership, or sole proprietorship.

2. In paragraph two of the Complaint, Defendant, Blaise Alexander Family Dealerships[] is incorrectly identified as a "corporation licensed to do business in the Commonwealth of Pennsylvania."

3. In paragraph three of the Complaint, Defendant Alexander Buick Cadillac GMC is identified as a "management level employee of Blaise Alexander Family Dealership."

4. In paragraph four of the Complaint, Defendant Richard C. Ortlip, IV is identified as an "employee of Blaise Alexander Family Dealership."

5. [Pinno] was apprised by way of [Appellees'] Answer with New Matter, in paragraph 1, filed on October 18, 2014, that the proper party to this transaction was Alexander Pontiac-Buick-Cadillac-GMC Truck, Inc.

6. At no time has [Pinno] sought leave of this Court pursuant to Pa.R.C.P. 1033 to amend the caption and to add the actual corporation involved in this transaction as a party.

- 4 -

7. There are no entities presently before the court named as Defendants that are legally in existence subject to suit, other than the individual, Richard C. Ortlip, IV.

8. [Ortlip]'s liability is predicated upon his role as an employee; however, his corporate employer at the time has never been added as a party to this matter.

9. There is not any proper party [d]efendants to this action, and the applicable limitations of action have long expired.

Trial Court Order, 1/2/20, at 1-2.

On January 30, 2020, Appellant filed a timely notice of appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925. Notably the trial court in its opinion agrees with remand. In its Rule 1925(a) opinion, the trial court admitted that it "did not consider Rule 2176 as to the definition of a corporate name[,]" and stated that the "best course is for a remand for counsel to file any motions deemed appropriate for further consideration of the issues[.]" Trial Court Opinion, 3/4/20, at 1-2. We agree.

Appellant states the issues as follows:

1. Should this Court find that [the trial court] committed and an error of law and an abuse of discretion when it went outside and beyond [Appellees'] Summary Judgment Motion and held that plaintiff had not properly identified or named or prosecuted the defendants, where they were identified, described and prosecuted under a name under which they indisputably conducted business, namely Blaise Alexander Family Dealership and/or Alexander Buick Cadillac GMC (names used by defendants on the purchase contract), or individually, namely Ortlip – and there was no prejudice and/or the Defendant – Appellees waived the issue.

2.      Should this Court find the [trial court] committed and an error of law and an abuse of discretion when it went outside and beyond [Appellees'] Summary Judgment Motion and held that plaintiff had not properly identified or named or prosecuted the individual defendant Richard C. Ortlip, IV, because he was identified or described as an employee of another allegedly improperly named party or parties, where, nevertheless, Ortlip was alleged to have personally formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the alleged misconduct – and there was no prejudice and/or the Defendant – Appellees waived the issue.

Appellant's Brief at 6-7.

We address both of Appellant's issues together, as they are related.  Our

standard of review regarding a trial court's decision to grant or deny summary

judgment is as follows:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion.  As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule.  Pa.R.C.P. 1035.2.  The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered.  Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment.  Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.  Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Thompson v. Ginkel***, 95 A.3d 900, 904 (Pa. Super. 2014).

Appellant argues that the trial court erred in granting summary judgment on the basis that Pinno wrongly named Blaise Alexander Family Dealerships and Alexander Buick Cadillac GMC as defendants. Appellant asserts that, even assuming that the appropriate corporate defendant in this matter was Alexander Pontiac-Buick-Cadillac-GMC Truck, Inc., the decision to name Blaise Alexander Family Dealerships and Alexander Buick Cadillac GMC as defendants was appropriate because Appellees used these names on the purchase contract for the Mustang.

Pennsylvania Rule of Civil Procedure 1033 provides in pertinent part as follows:

> (a) A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, **correct the name of a party**, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033(a) (emphasis added).

This Court has summarized the following with respect to Rule 1033:

> It is "beyond peradventure that leave to amend pleadings has traditionally been liberally granted in this jurisdiction." *Biglan v. Biglan*, 479 A.2d 1021, 1025 (Pa. Super. 1984) (citations omitted); *see* Pa.R.C.P. 126. As can be seen from the clear language of Rule 1033, no limit is imposed on the time when an amendment may be made. Thus, "[p]leadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Id.* at 1025-26 (emphasis added) (citing *Sheppard v. First Pa. Banking & Tr. Co.*, 184 A.2d 309, 311 (Pa. Super.

1962)); *see also Keller v. R.C. Keller Motor Co.*, 124 A.2d 105, 106 (Pa. 1956) (noting that pleadings may be amended at any stage of the proceedings); *Trabue v. Walsh*, 177 A. 815, 816 (Pa. 1935) ("Pleadings may be amended at any state of the case.").

As we explained in *Biglan*, "[t]he fundamental purpose of this rule is to prevent cases from turning on purely technical defects. . . . [H]ypertechnicality and formalism in pleading are contrary to modern practice of allowing free amendment in order to promote resolution of cases on their merits." *Biglan*, 479 A.2d at 1026 (citations omitted). Nonetheless, a trial court may deny amendment of pleadings if there is resulting prejudice or surprise to the adverse party. *Id.* "[P]rejudice, in turn, must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party." *MacGregor v. Madiq Inc.*, 576 A.2d 1123, 1126 (Pa. Super. 1990) (citation omitted). In *Capobianchi v. BIC Corp.*, 666 A.2d 344 (Pa. Super. 1995), we noted that prejudice sufficient to deny amendment of the pleadings "must be more than a mere detriment to the other party[.]" *Id.* at 346. The "fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend[.]" *Id.* (citation omitted). Indeed, "[d]enial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Id.* at 347 (citation omitted). However, under the current language of Rule 1033, pleadings may not be amended to correct a party's name if more than 90 days have passed since the expiration of the statute of limitations. *See* Pa.R.C.P. 1033(b).

*Thom v. CDM Auto Sales*, 221 A.3d 681, 684-85 (Pa. Super. 2019) (citations modified; footnotes omitted).

The Rule further states:

**(b)** An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it

will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(b).

This Court has explained:

Pennsylvania Rule of Civil Procedure 1033 provides that a party, by consent or leave of court, "may at any time change the form of action, correct the name of a party or amend his pleading." Pa.R.C.P. 1033. However, amendment of a complaint after the statute of limitations has expired will not be permitted **where the amendment attempts to bring a new party into the action**. As our Court has stated in a prior case:

A plaintiff may not add a new defendant after the applicable statute of limitations has expired. *Hoare v. Bell Tel. Co. of Pa.*, 500 A.2d 1112 (Pa. 1985); *Zercher v. Coca−Cola USA*, 651 A.2d 1133 (Pa. Super. 1994). Thus, in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. *Jacob's Air Cond. v. Assoc. Heating*, 531 A.2d 494, 496 (Pa. Super. 1987). "If an amendment constitutes a simple correcting of the name of a party, it should be allowed, *Wicker v. Esposito*, 457 A.2d 1260 (Pa. 1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen*, 361 A.2d 842 (Pa. Super. 1976)." *Jacob's Air Cond. v. Assoc. Heating*, *supra*, 531 A.2d at 496. *Zercher v. Coca-Cola USA*, *supra*, 651 A.2d at 1135. If the proper party was sued but under the wrong designation, the correction will be allowed. However, **where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed**. *Hamilton v. Bechtel*, 657 A.2d 98 (Pa. Super. 1995).

*Anderson Equipment Co. v. Huchber*, 690 A.2d 1239, 1241 (Pa. Super. 1997) (footnote omitted).

*Ferraro v. McCarthy-Pascuzzo*, 777 A.2d 1128, 1132-33 (Pa. Super. 2001) (emphasis added; citations modified).

Thus, the test courts have employed to determine if an amendment is permissible after the expiration of the statute of limitations is whether the plaintiff sued the correct party, but under the wrong name, or whether the plaintiff sued the wrong party and sought to name another party. ***See id.***

Regarding actions against corporate entities, we have stated:

> Rule 2177 of the Pennsylvania Rules of Civil Procedure states that an action shall be prosecuted against a corporation or similar entity in its corporate name. A corporate name is defined as any name, real or fictitious, under which a corporation or similar entity was organized or conducts business, **whether or not such name has been filed or registered**.

*Zercher v. Coca-Cola USA*, 651 A.2d 1133, 1135 (Pa. Super. 1994) (emphasis added) (citing Pa.R.C.P. 2176); ***see also*** Pa.R.C.P. 2177.

Here, the record indicates equivocally that Appellees conducted business under the names Blaise Alexander Family Dealerships and Alexander Buick Cadillac GMC, because the purchase order for the sale of the Mustang explicitly names both entities. Appellees' Brief in Support of Motion for Summary Judgment, 4/22/19, Exhibit I. Thus Pinno sued the correct parties, but under the wrong corporate name. ***See Ferraro***, 777 A.2d at 1132-33; ***see also Zercher***, 651 A.2d at 1135; Pa.R.C.P. 2176, 2177. Since the incorrect naming of the corporate defendant was the sole basis for granting summary judgment as to each of the appellees, the trial court erred. Pursuant to Rule 1033(a), the appropriate action in this case would be to permit Appellant to amend the

pleadings to name Alexander Pontiac-Buick-Cadillac-GMC Truck, Inc. as a defendant. ***See id.***

We point out that summary judgment was also inappropriate because Appellees did not argue in their motion that Pinno named the wrong corporate entities in his complaint. Our Supreme Court has stated, "[f]or a trial court to raise an argument in favor of summary judgment *sua sponte* and grant summary judgment thereon risks depriving the court the benefit of advocacy on the issue, and depriving the parties the opportunity to be heard." ***Yount v. Pa. Dep't of Corrs.***, 966 A.2d 1115, 1119 (Pa. 2009). For this reason as well, we reverse the trial court's grant of summary.

Accordingly, we reverse the order granting summary judgment and remand this matter to the trial court for proceedings consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/05/2020

- 11 -