J-A28020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KELLY MYRICK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RACHEL HALL | : | No. 252 EDA 2022 |

Appeal from the Order Entered December 8, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200400794

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 13, 2023**

Kelly Myrick appeals from the order, entered in the Court of Common Pleas of Philadelphia, granting Rachel Hall's motion for judgment on the pleadings and simultaneously denying Myrick leave to amend her complaint to correct the name of the party.[1]  After review, we affirm.

On May 29, 2018, at the intersection of City Line Avenue and Drexel Road, in Philadelphia, Pennsylvania, Myrick's vehicle was rear ended by Hall's vehicle while stopped at a red light.  On April 17, 2020, Myrick filed a complaint against Hall alleging personal injuries stemming from the motor vehicle accident.  Hall was served on May 17, 2020.  In Hall's answer to the complaint,

_____

[1] In Myrick's motion in opposition to Hall's motion for judgment on the pleadings, Myrick requested she be permitted to correct the name of the defendant party pursuant to Pennsylvania Rule of Civil Procedure 1033.  **See** Myrick's Opposition to Hall's Motion for Judgment on the Pleadings, 6/28/21, at 6.

she admitted that she owned the vehicle involved in the accident but denied operating the vehicle that day. *See* Rachel Hall's Answer with New Matter, 6/2/20, at ¶ 8 ("[Hall] denies that she was the operator of the vehicle at the time of the accident."); *id.* at ¶ 22 ("[Rachel Hall] was not involved in the incident alleged by [Myrick]."). Myrick filed a response wherein she denied that Hall was not involved in the accident. *See* Myrick's Reply to Rachel Hall's New Matter, 6/12/2020, at ¶ 22 ("[Myrick] specifically denies that [Hall] was not involved in the accident[] and strict proof is demanded thereof at time of trial.").

During her January 4, 2021 deposition, Myrick testified that she "didn't feel safe" getting out of the car because "the driver" of the car, "a **middle-aged man**, heavyset, had glasses [and] . . . he was hollering and using profanity." Deposition of Kelly Myrick, 1/13/21, at 18-19 (emphasis added). Myrick did not exit her own vehicle and did not see if anyone other than the driver had been in the other car. *Id.* at 19. Myrick also testified that her brother came to the scene and that her brother took pictures of the other driver's license. *Id.* at 21-22. Additionally, Hall's husband, Lyndon Hall, testified at his deposition that he was the driver of the other vehicle on the date of the accident and that the vehicle was owned by his wife. Deposition of Lyndon Hall, 5/26/21, at 9. Lyndon Hall also testified that Rachel was not in the car with him when the accident occurred. *Id.* at 12-13.

On May 27, 2021, Hall filed a motion for judgment on the pleadings claiming that she was not the operator of the vehicle during the accident and

does not match the description of the driver to which Myrick testified.[2]  On June 28, 2021, Myrick responded to the motion and requested leave to file an amended complaint, pursuant to Pa.R.C.P. 1033, to name Lyndon Hall, rather than Rachel Hall, as the primary defendant.  The Honorable Karen Shreeves-Johns granted Hall's motion for judgment on the pleadings on December 8, 2021 and ordered that the matter be dismissed with prejudice.  Myrick filed a timely notice of appeal.  Both Myrick and the trial court have complied with Pa.R.A.P. 1925.  Myrick raises the following issues for our review:

1. Whether the trial court abused its discretion in entering judgment as a matter of law instead of granting leave to [Myrick] to file an amended complaint or stipulation to correctly identify the defendant pursuant to [Rule] 1033[.]

2. Whether the trial court erred as a matter of law in granting [Hall's] motion for judgment on the pleadings[.]

Appellant's Brief, at 2-3.

It is well-settled that "the trial court enjoys broad discretion to grant or deny a petition to amend pleadings." ***Thom v. CDM Auto Sales***, 221 A.3d 681 (Pa. Super. 2019) (some citations omitted).  ***See also General Mach. Corp. v. Feldman***, 507 A.2d 831, 834 (Pa. Super. 1986) ("[A] decision to permit an amendment to a pleading is a matter committed to the discretion of the trial court.").  Pennsylvania Rule of Civil Procedure 1033 provides

(a)   A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of the

---

[2] Hall also filed a motion for summary judgment on November 11, 2021, which the trial court did not rule on.

- 3 -

action, add a person as a party, **correct the name of a party**, or otherwise amend the pleading. []

(b) An amendment correcting the name of a party against whom the claim has been asserted in the original pleading relates back to the date of the commencement of the action if, **within 90 days after the period provided by law for commencing the action**, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense of the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(a)-(b) (emphasis added). The purpose of Rule 1033 is to "prevent cases from turning on purely technical defects." **Thom**, **supra** at 685. However, "a trial court may deny amendment of pleadings if there is resulting prejudice or surprise to the adverse party." **Id.**

Additionally, "[u]nder the current language of Rule 1033, pleadings may not be amended to correct a party's name if more than 90 days have passed since the expiration of the statute of limitations." **Id.**; **see Fick v. Barbon**, 237 A.3d 496, *12 (Pa. Super. 2020) (Table)[3] (expressly rejecting plaintiff's argument that Rule 1033(b) permits party to amend pleadings **to add or substitute another party** to suit after expiration of statute of limitations). To be clear, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." **Ferraro v. McCarthy-Pascuzzo**, 777 A.2d 1128, 1134 (Pa. Super. 2001),

---

[3] Pursuant to Pa.R.C.P. 126, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. **See** Rule 126(b)(1).

- 4 -

citing *Hamilton v. Bechtel*, 657 A.2d 980, 982-83 (Pa. Super. 1995) (citations omitted).

"In cases where the state of limitations has expired[,] . . . the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name." *Zercher v. Coca-Cola USA*, 651 A.2d 1133, 1135 (Pa. Super. 1994) (citations omitted). Where an amendment is a simple correction of a party name, it should be permitted. However, where an amendment adds a new party, it should be prohibited. *Id.*

In *Ferraro*, the plaintiffs incorrectly named the wife of the individual operating the vehicle, rather than the husband/operator, as the sole defendant in an automobile accident claim. The *Ferraro* Court determined that the trial court did not abuse its discretion in denying plaintiff's request to amend the complaint, reasoning that plaintiffs were on notice as to the identity of the driver. *Id.* at 1136. The Court noted that, "it is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based." *Id.* at 1134, citing *Hayward Medical Center*, 608 A.2d 1040, 1042 (Pa. 1992) (some citations omitted).

Conversely, in *Thom*, this Court determined that the trial court abused its discretion in denying plaintiff leave to amend her pleadings where she sued the correct party (CDM Auto Sales) but failed to use the proper designation (CDM Auto Sales, **LLC**). *Id.* at 686. The *Thom* Court reasoned that plaintiff's

proposed amendment did not impose liability on a new and distinct party and the defendant neither claimed nor demonstrated prejudice or surprise. *Id.*

Here, Myrick first argues that the trial court erred in denying her request to correct the name of the defendant. *See* Appellant's Brief, at 7. Specifically, Myrick asserts that she did not learn Lyndon Hall was the driver of the vehicle until after the lawsuit was filed and the statute of limitations had run because the police report, which she claims to have reasonably relied upon, made no reference to Lyndon Hall and listed Rachel Hall as the owner of the vehicle. *Id.* Myrick also argues that there would have been no unfair surprise or prejudice to Lyndon Hall had the amendment been permitted because Lyndon and Rachel Hall are married, reside at the same address, are covered by the same insurance, and are represented by the same counsel in this litigation. *Id.* Myrick is afforded no relief.

In denying Myrick's request to correct the name of the defendant, the trial court stated,

> It is clear from the record that [Myrick] was aware that the driver was an adult[] male at the time of the accident. Even if there was any confusion as to the identity of the driver at the time of the commencement of this lawsuit, [Rachel Hall's a]nswer should have put [Myrick] on notice that she sued the incorrect individual. Further, by [Myrick's] own admission in response to [Hall's motion for judgment on the pleadings], it is clear that Myrick knew that Lyndon Hall was the operator of the vehicle that collided with [Myrick] on May 29, 2018, and only made an attempt to [a]mend the [c]omplaint once that fact was called into question by [Rachel Hall] with the benefit of [Myrick's] January 2021 deposition.

Trial Court Opinion, 8/15/22 at 8.

Similar to *Ferraro*, Myrick failed to use reasonable diligence to name the correct defendant. Indeed, any alleged confusion regarding the identity of the operator of the vehicle that rear ended Myrick's car on May 29, 2018 is belied by the record. Myrick testified at her deposition on January 13, 2021, that she knew on the day of the accident that a male driver rear ended her vehicle. Deposition of Kelly Myrick, 1/13/21, at 18-19. Additionally, in Hall's answer, filed on June 2, 2020, she specifically denies that she was the operator of the vehicle. *See* Rachel Hall's Answer to Complaint with New Matter, *supra* at 1-4 (unpaginated). These denials put Myrick on notice that Hall was not driving the vehicle on the day of the accident. Moreover, although the accident report shows that Rachel Hall owns the vehicle, it also demonstrates that that she was **not** the operator. *See* Myrick's Opposition to Hall's Motion for Judgment on the Pleadings, Exhibit A (Philadelphia Non-Reportable Accident Report).[4] Indeed, as the trial judge aptly noted, "[t]here seems to be no excuse as to why a deeper investigation was not conducted to inquire as to the identity of the driver." Trial Court Opinion, *supra* at 9.

In light of the foregoing, the trial court did not abuse its discretion in denying Myrick's request to amend her complaint. *Ferraro*, *supra*.

---

[4] The Pennsylvania Vehicle Code defines a Non-Reportable accident as an accident where no injuries occurred and no vehicle towing is required. *See* PennDOT Police Officers Crash Manual Report (Publication 126) https://www.penndot.pa.gov/TravelInPA/Safety/Documents/Pub153.pdf (last accessed on 3/7/23).

Next, Myrick argues that the trial court erred in granting Rachel Hall's motion for judgment as a matter of law. Specifically, Myrick argues that there was a reasonable basis for the misidentification of the operator of the vehicle and there would have been no unfair surprise to Lyndon Hall had Myrick been permitted to amend her complaint. Once again, Myrick's argument is belied by the record.

Pursuant to Pa.R.C.P. 1034(a), a party may move for judgment on the pleadings after the relevant pleadings are closed. Our review of judgment on the pleadings is well-settled.

> It may be entered when there are no disputed issues of fact[,] and the moving party is entitled to judgment as a matter of law. [] Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

**Rouke v. PA Nat'l Mutual**, 116 A.3d 87, 91 (Pa. Super. 2015). Additionally, "a motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible." **Am. Appliance v. E.W. Real Estate Mgmt.**, 769 A.2d 444, 446 (Pa. 2001) (citation omitted).

In granting judgment on the pleadings, the trial court considered that Myrick admitted that Hall was not the operator of the vehicle at the time of the incident as early as January 2021 when Myrick appeared for her

deposition. The trial court also determined Myrick's *general* denials to Hall's responsive pleadings, which required *specific* denials, functioned as an admission that Rachel Hall was not involved in the accident.[5] Further, Myrick's request to amend the complaint was made *after* the statute of limitations had expired. Trial Court Opinion, **supra** at 3, 6 n.2, 7, 10.

Pursuant to Rule 1029(e)(1), in an action seeking monetary relief for bodily injury, death, or property damage, averments relating to the identity of the person by whom a material act was committed, a responsive pleading is required and, thus, must be denied specifically. Pa.R.C.P. 1029(e)(1). In **Jones v. Dubuque Fire & Marine Ins. Co.**, 176 A. 208 (Pa. 1934), our Supreme Court determined that a statement was an insufficient denial where it "simply denied [] the averment without giving any reason [] to contradict the statement." **Id.** at 209; **see also** Pa.R.C.P. 1026(b) ("Averments in a

---

[5] The trial court cites to **PNC Mortgage v. Hart**, 120 A.3d 375 (Pa. Super. 2015) (Table) for the proposition that general denials to allegations in plaintiff's complaint where a responsive pleading is required function as admissions pursuant to Rule 1029(b), particularly with regard to facts within defendant's knowledge and control. In **PNC Mortgage**, the plaintiff averred that he owned the Note and Mortgage at issue. The defendant, in his response, stated that the plaintiff's claim is "specifically denied and strict proof thereof is required." **Id.** at 20. This Court determined that because a responsive pleading was required, the defendant's *general denial functioned as an admission*. It reasoned that the defendant made no attempt to allege the *actual facts* of the mortgage assignment at issue. **Id.** Here, Myrick's averments mirrored this language. **See** Myrick's Reply to Hall's New Matter, 6/12/2020, at ¶ 22.

pleading to which a responsive pleading is required are admitted when not denied specifically[.]").

Here, Myrick conceded during her deposition that a male was driving the vehicle. *See* Deposition of Kelly Myrick, 1/13/21, at 18-19. Additionally, pursuant to Rule 1029(e)(1), Myrick's response to Hall's averments denying her involvement in the accident required specific denials. However, Myrick denied Hall's averment generally, which functioned as an admission that Rachel Hall was not involved in the accident. *See* Hall's Answer with New Matter, 6/2/20; Myrick's Reply to Hall's New Matter, 7/12/2020. Because Myrick admitted Rachel Hall was not involved in the accident, Myrick's argument that there was a reasonable basis for the misidentification of the operator is unfounded.

Further, similar to *Ferraro*, Myrick does not simply request to correct the name or designation of a party. *Cf. Thom.* Rather, Myrick's amendment would substitute Lyndon Hall for Rachel Hall, a new, distinct party. *See Ferraro*, *supra* at 1133. Additionally, the instant case is a personal injury action subject to a two-year statute of limitations. *See* 42 Pa.C.S.A. § 5524(a). Accordingly, the statute of limitations expired on May 29, 2020, two years after the May 29, 2018 accident. Consequently, in June 2021, when Myrick sought to amend the complaint, the statute of limitations had expired. Thus, Myrick's request to amend her complaint to add a new party more than two years after the accident had occurred is expressly prohibited. *Thom*, *supra*; Pa.R.C.P. 1033(b).

Finally, without substituting Lyndon Hall for Rachel Hall, Myrick's allegations are meritless. Indeed, Myrick is unable to support a cause of action against Rachel Hall for negligently operating a vehicle that Myrick admits Rachel Hall was not operating.

In light of the foregoing, the law says with certainty that recovery was not possible and, therefore, the trial court did not err in granting Hall's motion for judgment on the pleadings. **Am. Appliance**, **supra**.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *4/13/2023*